The court left it to the jury to say whether such a company had existed, and whether the defendants had been partners. The court informed them that the other depositions in the cause, stating a general reputation of the partnership, were not sufficient to charge Jucks as a partner; there must be some confession of his, or some overt act proving the same; but if they could rely upon the accuracy of Mr. Hooper's remembrance, as he had spoken of it, or if they believed Jucks carried the letter and the money mentioned in it, and knew how the account enclosed was stated, that would amount to an admission of his being a partner; and in that case they should find for the plaintiff; otherwise, for the defendant. They found for the plaintiff, and, also, pursuant to the charge of one of the court, given a few days before, who stated the rule to be that wherever the debtor knows precisely what he is to pay, and when he is to pay it, that the jury might give interest by way of damages, if they thought proper, they did in this case allow damages to the amount of the interest on the principal sum, by way of addition to the principal damages, and it was not complained of on the other side; and the plaintiff had judgment.
See S. v. Blount, ante, 4.
Cited: Devereux v. Burgwyn, 33 N.C. 495; McRae v. Malloy, 87 N.C. 199.